**Reid R. SMITH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 07A01–0007–CR–245.

Court of Appeals of Indiana.

Sept. 28, 2001.

Samuel S. Shapiro, Bloomington, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION ON REHEARING

NAJAM, Judge

Reid R. Smith has filed a petition for rehearing asking that we address three issues which, he claims, we failed to address adequately in our original opinion. We grant Smith's petition for rehearing on one of those issues but reaffirm our opinion. Specifically, we address Smith's contention that we failed to address his objections to two instructions given by the trial court.

Smith challenges the following two jury instructions:

FINAL JURY INSTRUCTION NO. 8(a)

By statute, prima facie evidence of intoxication includes evidence that at the time of an alleged violation there was at least ten-hundredths percent (.10%) of alcohol by weight in grams in 100 milliliters of the person's blood.

"Prima facie" means that quantity of evidence necessary to prove a fact.

Prima facie evidence creates an inference that the Defendant was sufficiently under the influence of intoxicating liquor to lessen his driving ability within the meaning of the law. This inference is not conclusive, however, and may be rebutted by other evidence. Also, you may reject such evidence even if it is not rebutted.

FINAL JURY INSTRUCTION NO. 8(b)

If evidence establishes that a chemical test was performed on the person charged within three (3) hours of the time the person was driving, and the test shows that the person had at least ten-hundredths percent (.10%) of alcohol by weight in grams in:

one hundred (100) milliliters of the person's blood at the time the test sample was taken;

you shall presume that the person had at least ten-hundredths percent (.10%) of alcohol by weight in grams in one hundred (100) milliliters of the person's

blood at the time the person operated the vehicle.

This presumption is not conclusive, however, and may be rebutted by other evidence. Also, you may reject such evidence even if it is not rebutted.

Record at 111, 112.

A three judge motions panel of this court dismissed "so much of this appeal as pertains to the prosecution of [Smith] on Count II [Operating a Vehicle with a Blood Alcohol Content of .10% or More]." Specifically, that panel rejected Smith's suggestion that "but for the conviction on Count II, [he] would not have been convicted on Count I[.]" Accordingly, in our opinion, we did not address Smith's challenge to the two jury instructions, which, on their face, appear to concern Count II. We still believe that Smith's challenge on appeal is moot because these instructions were given for Count II, but we concede that Instruction 8(a) arguably addresses both counts since it speaks generally to "prima facie evidence of intoxication." Instruction 8(b) clearly applies only to Count II.

In his petition for rehearing, Smith asserts that there was no evidence to support the giving of Instruction 8(a). Specifically, he maintains that the State's only evidence pertaining to blood alcohol content was given in terms of 210 liters of breath, not 100 milliliters of blood. Indeed, our review of the record shows that the State did not explain that blood alcohol content can be expressed either in liters of breath or milliliters of blood. *See Sales v. State,* 723 N.E.2d 416, 421–22 (Ind.2000) (noting that statutes prohibit operating a vehicle with either .10% alcohol by weight in a person's blood or .10 grams of alcohol in 210 liters of breath).

■ Nevertheless, even if the State's evidence did not support the giving of Instruction 8(a), any alleged error was harmless, and we need not address this issue on the merits. *See Timberlake v. State,* 690 N.E.2d 243, 255 (Ind.1997), *cert. denied,* 525 U.S. 1073, 119 S.Ct. 808, 142 L.Ed.2d 668 (1999). Errors in the giving or refusing of instructions are harmless where a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. *Dill v. State,* 741 N.E.2d 1230, 1233 (Ind.2001). An instruction error will result in reversal when the reviewing court "cannot say with complete confidence" that a reasonable jury would have rendered a guilty verdict had the instruction not been given. *Id.* (citation omitted). Here, the State presented ample evidence to support Smith's conviction of operating a vehicle while intoxicated, which does not require any showing of a defendant's blood alcohol content. Indeed, Smith admitted to police officers that he had consumed alcohol earlier in the morning of his arrest; Smith's car was found in a ditch facing a direction opposite from his stated destination; and Smith's breath smelled of alcohol, and his eyes were bloodshot. Moreover, Smith failed several field sobriety tests. We conclude that Smith's conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. *See id.*

For the foregoing reasons, we reaffirm our opinion.

DARDEN, J., and BARNES, J., concur.