**Mark A. REED, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 20A03–9902–CR–72.**

Court of Appeals of Indiana.

Dec. 6, 1999.

Transfer Denied Feb. 2, 2000.

Kenneth R. Martin, Goshen, Indiana, Attorney for Appellant.

1. *See* IND.CODE § 35–48–4–6(b)(3)(B) (possession of at least three grams of cocaine or

Jeffrey A. Modisett, Attorney General of Indiana, Teresa Dashiell Giller, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Defendant Mark A. Reed ("Reed") appeals his conviction, following a jury trial, for Possession of Cocaine, as a class A felony.[1] We affirm.

### Issues

Reed raises several issues on appeal which we consolidate and restate as:

I. Whether IND.CODE § 35–48–4–6(b)(3)(B) violates the First and Fourteenth Amendments of the United States Constitution and article 1, § 9 of the Indiana Constitution in that it is unconstitutionally vague.

II. Whether the trial court improperly instructed the jury.

### Facts/Procedural History

The facts most favorable to the judgment indicate that in the early morning hours of August 26, 1996, Reed violated a restraining order issued against him by going to the residence of his former wife, Julie Reed ("Julie"). (R. 85, 158–59). After Reed repeatedly rang the door bell and knocked on the windows, Julie called the police. (R. 86). Elkhart County Deputy Sheriff Brent Cummings ("Officer Cummings") responded to the police dispatch; and, after obtaining a copy of the restraining order against Reed and verifying that Reed knew there was a retraining order against him, Officer Cummings placed Reed under arrest for Invasion of Privacy. (R. 93).

During the booking process at the jail, some rock-like items were found in the toe of Reed's shoe. (R. 93). The rocks subse-

narcotic drug within one thousand feet of a public park).

quently tested positive for cocaine. (R. 94). The weight of the rock cocaine was 8.9 grams. (R. 130). Reed was thereafter charged with Possession of Cocaine within one thousand feet of a public park pursuant to IND.CODE § 35–48–4–6(b)(3)(B). (R. 9).

At trial, the County Surveyor estimated the distance between Julie's residence, the place of the arrest, to Eagle Park, a public park, to be 750 feet based on an aerial photograph. (R. 120). Additionally, the State introduced evidence that a survey crew calculated the distance between the two locations using a method called "traversing" which utilizes trigonometry to arrive at a direct sight measurement. (R. 124–25). To utilize this method, the crew located a random point which afforded a line-of-sight measurement point to Eagle Park, and then measured back to Julie's residence. (R. 124–25). The surveying crew then brought back the data, entered it into a coordinate geometry computer package, calculated it, and made a drawing. (R. 125). The distance which was calculated by using this method was 736.6 feet. (R. 120, 126, 136). Reed introduced evidence calculating that the distance between Julie's residence and Eagle Park was 1,880 feet by using a rollertape on the public roadways. (R. 142–43).

A jury convicted Reed of the charged offense and the trial court subsequently ordered Reed to serve an executed sentence of twenty years. (R. 62, 65). The following appeal ensued.

**Discussion and Decision**

*I. Constitutionality of IND.CODE § 35–48–4–6*

Reed contends that the portion of IND. CODE § 35–48–4–6(b)(3)(B) pertaining to the 1,000 foot enhancement is void for vagueness under the First and Fourteenth Amendment to the Constitution of the United States, and article 1, § 9 of the Indiana Constitution. Specifically, Reed argues that because this statute does not provide notice that the enhanced punish-

ment will be based on a line-of-sight measurement, it is unconstitutionally vague, especially under the facts of his case where the "epicenter of the 1000 foot zone cannot even be glimpsed from the defendant's location." (Appellant's brief at 7). Reed's challenge regarding the constitutionality of IND.CODE § 35–48–4–6(b)(B)(3) is a case of first impression in Indiana.

*Standard of Review*

 A statute is unconstitutional under the "vagueness doctrine" if the accused establishes that the statute forbids conduct in terms so vague that persons of ordinary intelligence must necessarily guess at the statute's meaning and differ as to its application. *Vaillancourt v. State,* 695 N.E.2d 606, 610 (Ind.Ct.App.1998), *trans. denied.* Further, this Court has found that a statute is not unconstitutionally vague if "individuals of ordinary intelligence would comprehend it to adequately inform them of the conduct to be proscribed." *Id.*

*Analysis*

 Reed's constitutional challenge in the case at bar fails for two reasons. First, we note that Reed failed to file a motion to dismiss raising a constitutional challenge to IND.CODE § 35–48–4–6. Accordingly, this claim is waived. *See Vaillancourt,* 695 N.E.2d at 610 (holding that the failure to file a proper motion to dismiss raising a constitutional challenge to a criminal statute waives the issue on appeal). Secondly, the argument that IND. CODE § 35–48–4–6 is unconstitutionally vague because it fails to set forth a specific method for measuring the 1,000 foot "drug-free zone" fails on its own merits, waiver notwithstanding.

Indiana Code section 35–48–4–6(b)(3)(B) reads in pertinent part as follows:

> A person who ... knowingly or intentionally possesses cocaine ... commits possession of cocaine or a narcotic drug, a class D felony, except ... [t]he offense is ... a class A felony if the person

possesses the cocaine or narcotic drug in an amount (pure or adulterated) weighing at least 3(3) grams ... in, on, or within one thousand (1,000) feet of ... a public park....

We find nothing indefinite or uncertain in the above quoted language. By this statute, every person is put on notice that the possession of cocaine or narcotic drug within 1,000 feet of a public park is an unlawful act in the state of Indiana. Further, we hold that the phrase, "within one thousand feet of a public park" is sufficiently clear and unambiguous such that a person of ordinary intelligence would be capable of comprehending that it means exactly what it says, within one thousand feet of the park itself, not that it refers to the measurement of the shortest route a person could take to get to the park via public streets, as Reed suggests.

Based on the foregoing, we reject Reed's contention that IND.CODE § 35–48–4–6 is unconstitutionally vague because it fails to provide fair notice that the "line-of-sight" technique for measuring distance will be utilized. Contrary to Reed's argument on appeal, we find that the State's use of the measuring methods discussed above comport with the legislative intent of the statute. *See Charley v. State*, 651 N.E.2d 300, 303 (Ind.Ct.App.1995) (finding that "the State is only required to show that the measuring device [used] was accurate and was operated correctly in order to allow the admission of the distance as evidence"), *Cf. Steelman v. State*, 602 N.E.2d 152, 157 (Ind.Ct.App.1992) (holding that the direct line-of-sight technique used to determine the 1,000 foot perimeter around school property conforms to the legislative intent).

We likewise reject Reed's additional contention that IND.CODE § 35–48–4–6 "does not provide notice sufficient to meet due process requirements that his ... proximity to the [park] would be measured by line-of-sight *when the prohibited area was not even within sight.*" (Appellant's brief at 14). When the legislature created

IND.CODE § 35–48–4–6, it clearly intended to create certain "drug-free zones" by increasing the penalty for those individuals who choose to possess cocaine or narcotic drugs within 1,000 feet of schools, public parks, and family housing complexes. *See* IND.CODE § 35–48–4–6; *Cf. Steelman*, 602 N.E.2d at 157 (stating that, "when the legislature created the 1,000 foot drug-free zone surrounding our schools, it made no allowance for barriers such as buildings or homes or fences or concrete barriers or creeks ... the legislative intent [was] plain: to punish those who deal drugs within 1,000 feet of school property."). Reed, at his own peril, chose to possess 8.9 grams of cocaine within 1,000 feet of Eagle Park.

## II. Jury Instruction

### Argument

Next, we address Reed's contention that the trial court misstated the law in instructing the jury. Reed argues that, as given, jury instruction eight misstated the law as well as foreclosed the possibility of the jury considering a lesser included offense by effectively endorsing as correct the State's argument concerning how to measure the 1,000 foot distance between the park and the location where Officer Cummings found Reed. (Appellant's brief at 8). We disagree.

### Standard of Review

■ Our standard for deciding whether the trial court erred in instructing the jury is well settled and affords great deference to the trial court. *Crose v. State*, 650 N.E.2d 1187, 1189 (Ind.Ct.App.1995). When determining whether a trial court erroneously gave or refused a tendered instruction on appeal, this Court looks to the following factors: (1) whether the tendered instruction correctly stated the law; (2) whether there was evidence presented at trial to support the giving of the instruction; and, (3) whether the substance of the instruction was covered by other instructions. *Fields v. State*, 679 N.E.2d 1315, 1322 (Ind.1997).

Instruction of the jury is left to the sound judgment of the trial court and will not be disturbed absent an abuse of discretion. *Hanson v. State*, 704 N.É.2d 152, 156 (Ind.Ct.App.1999). Jury instructions are not to be considered in isolation but as a whole and in reference to each other. *Hollowell v. State*, 707 N.E.2d 1014, 1023 (Ind.Ct.App.1999). Thus, to constitute an abuse of discretion, the instruction given must be erroneous, and the instructions taken as a whole must misstate the law or otherwise mislead the jury. *Coleman v. State*, 703 N.E.2d 1022, 1032 (Ind.1998), *petition for cert. filed.* Finally, before a defendant is entitled to a reversal, he must affirmatively show that the instructional error prejudiced his substantial rights. *Hollowell*, 707 N.E.2d at 1023.

### Analysis

At trial, Reed objected to jury instruction eight which read as follows:

> You are instructed that it is the law in the State of Indiana that when the legislature created the 1000–foot drug free zone surrounding our parks, it made no allowance for barriers such as buildings or homes or fences or concrete barriers or creeks. A surveyor's line-of-sight technique to determine the 1000–foot perimeter around park property is an appropriate method of measurement.

(R. 31, 187). The instruction given immediately after instruction eight informed the jury as follows:

> You are instructed that there are no statutory requirements regarding the method of measurement of distance or operation of measurement devices in drug cases.

(R. 187). The trial court also informed the jury that if the State failed to prove beyond a reasonable doubt each of the elements of IND.CODE § 35–48–4–6(b)(3)(B), which included the element of whether Reed was within the 1,000 foot drug-free zone, that it should find Reed not guilty. Additionally, the trial court correctly instructed the jury about the elements of Possession of Cocaine as a lesser included offense.

Our review of the record reveals that a major point of contention at trial was whether Reed possessed the cocaine within the 1,000 foot drug-free zone. In fact, both the State and Reed presented evidence regarding how to measure or determine this distance. Finally, as stated earlier, in *Steelman*, a case where the defendant challenged the method employed by the State to determine whether he was within the 1,000 foot drug free zone surrounding a school and thereby in violation of this State's corollary marijuana statute located at IND.CODE § 35–48–4–10, we held that "[t]he surveyor's line-of-sight technique to determine the 1,000–foot perimeter around the school property conforms to the legislative intent." *Id.* at 157.

Based on the foregoing and our previous determination that the State's use of the "traversing" method for measuring distance comports with the legislative intent of IND.CODE § 35–48–4–6, we conclude that jury instruction number eight was a correct statement of the law, was applicable to the evidence presented at trial, and was relevant to the issues the jury was required to decide in reaching its verdict. Further, in reading this instruction in conjunction with the entire jury charge, we perceive no misstatement of the law and do not find the instruction to be misleading. Accordingly, reversal is not warranted.

Affirmed.

GARRARD, J., concurs.

SULLIVAN, J., concurs in result as to part I, and concurs as to part II.