**Michael S. DILL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 53A01–9910–CR–352.**

Court of Appeals of Indiana.

April 17, 2000.

Michael J. Spencer, Bloomington, Indiana, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

KIRSCH, Judge

After a jury trial, Michael S. Dill was convicted of burglary,[1] a Class C felony, and conversion,[2] a Class A misdemeanor. He was acquitted of two counts of theft. He now appeals, raising the following issues for review:

I. Whether the trial court erred in denying his request for a severance of the charges.

II. Whether the trial court erred in instructing the jury about flight.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On October 10, 1997, Dill contracted with Ambrose Craig to construct a garage for Craig. Craig gave Dill a check for $3000 to begin work, but Dill never constructed the garage.

On October 15, 1997, Dill stole his girlfriend's key to the office of her employer, Personnel Management, Inc. He used the key to break into the office. While inside, he stole a blank check. The next morning, Personnel Management employees discovered the burglary and called police. Dill's girlfriend found her missing key on her planner on her desk.

Dill was arrested and charged with theft for taking Craig's check, burglary for breaking into the Personnel Management office, theft for taking the Personnel Management check, and conversion for taking his girlfriend's key. Prior to trial, he asked the court to sever the theft charge related to Craig's check. The trial court denied his request, and he was tried on all four charges. He was convicted of burglary and conversion, but acquitted of the charges related to the checks.

---

**1.** *See* IC 35–43–2–1.

**2.** *See* IC 35–43–4–3.

## DISCUSSION AND DECISION

Dill first contends that the trial court erred in refusing to sever the charges against him. IC 35–34–1–9(a) provides that two or more offenses may be joined if the offenses are of similar character or if they are part of a single scheme or plan. However, IC 35–34–1–11(a) grants a defendant an absolute right to severance for offenses that have been joined "solely on the ground that they are of the same or similar character." By contrast, when offenses are joined because they are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme, the defendant does not have an absolute right to severance and the trial court is allowed discretion in determining whether or not to sever the offenses. *Ford v. State*, 506 N.E.2d 835, 836 (Ind.Ct.App.1987). When determining whether to grant severance in a case where there is no automatic right, a trial court should consider: 1) the number of offenses charged; 2) the complexity of the evidence offered; and 3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense. *Harvey v. State*, 719 N.E.2d 406, 409 (Ind.Ct.App.1999).

Dill maintains that the trial court should have severed the theft charge related to Craig's check and tried him on this charge separately from the charges related to the Personnel Management incident. In reviewing errors in the application of state evidentiary or procedural law, appellate courts apply harmless error rules. *Fleener v. State*, 656 N.E.2d 1140, 1141–42 (Ind.1995). An error is harmless if its probable impact on the jury, in light of all of the evidence in the case, is sufficiently minor as not to affect the substantial rights of the parties. *Newman v. State*, 719 N.E.2d 832, 837 (Ind.Ct.App.1999), *trans. denied* (2000) (citing *Fleener*, 656 N.E.2d at 1142; Ind. Trial Rule 61).

In this case, we need not reach the question of whether severance of the charges was discretionary or mandatory, because we conclude that any error in refusing to sever the charges was harmless. Dill was acquitted of the theft charge related to Craig's check, the charge which he claims should have been severed. Thus, we fail to see how he was prejudiced by the failure to sever the charges. We will only reverse the judgment and order new, separate trials if the defendant can "show that in light of what actually occurred at trial, the denial of a separate trial subjected him to such prejudice that the trial court abused its discretion in refusing to grant his motion for severance." *Brown v. State*, 650 N.E.2d 304, 306 (Ind. 1995) (quoting *Hunt v. State*, 455 N.E.2d 307, 312 (Ind.1983)).

In spite of being acquitted of the two theft charges, Dill argues that the jury might have been confused by the evidence presented about the Craig check and therefore erroneously convicted him of the other counts. This is sheer speculation on Dill's part; he has presented us with no evidence that the jury was confused by the presentation of such evidence. Even more critically, however, we note that any confusion regarding the evidence probably benefited Dill, as he was acquitted of *both* theft charges, not just the theft charge related to Craig's check. The charges on which Dill was convicted, burglary for breaking and entering the office and conversion for taking his girlfriend's key, were based on evidence so dissimilar from the evidence concerning Craig's check that the jury could not have been confused by the presentation of this evidence. Dill has not demonstrated prejudice from the trial court's refusal to sever the charges. Thus, the failure to sever the charges constitutes harmless error and is not grounds for reversal here.

Dill next argues that the trial court erred in giving the jury an instruction about flight. The manner of instructing the jury lies within the sound discretion of the trial court. *Gant v. State*, 694 N.E.2d 1125, 1128 (Ind.1998). Error in

the instruction of the jury will not warrant reversal unless it is of such a nature that the jury is misled regarding the law on the case. *Utley v. State*, 699 N.E.2d 723, 727 (Ind.Ct.App.1998), *trans. denied.* The challenged instruction reads:

> "Flight of a person immediately after the commission of a crime and other evidence of actions calculated to hide a crime, though not proof of guilt, are evidence of consciousness of guilt and are circumstances which may be considered by you in connection with all other evidence."

*Record* at 638. Dill first alleges that such an instruction is improper. We agree with the trial court's observation that Indiana jurisprudence remains unclear about the use of such instructions. The giving of this instruction has been upheld in legions of cases, including *Daniel v. State*, 524 N.E.2d 1275, 1278 (Ind.1988); *Hudson v. State*, 496 N.E.2d 1286, 1292 (Ind.1986); *Kiper v. State*, 445 N.E.2d 1353, 1359 (Ind. 1983); *Powers v. State*, 431 N.E.2d 799, 800 (Ind.1982); *Wolfe v. State*, 426 N.E.2d 647 (Ind.1981); *Taylor v. State*, 602 N.E.2d 1056, 1061–62 (Ind.Ct.App.1992), *trans. denied* (1993); *Dalton v. State*, 418 N.E.2d 544, 546 (Ind.Ct.App.1981).

However, in *Bellmore v. State*, 602 N.E.2d 111 (Ind.1992), our supreme court signaled that it may be changing its position with regard to the instruction. In that case, the court found that giving an instruction on flight was not reversible error, but expressed reservations about the use of the instruction. *Id.* at 119. The defendant argued that the instruction created a presumption of guilt upon proof of flight and improperly shifted the burden of proof from the State. The court held that the specific language of the instruction could not reasonably have been interpreted as creating a presumption that relieved the State of proving the elements of the offense. *Id.* Moreover, when viewed in the context of the instructions as a whole, which emphasized the State's burden of proof, the instruction was harmless. The court concluded, "Although not recommending future use of this instruction, we find that its use in this case did not constitute a violation of the defendant's right to due process of law. We find no reversible error on this issue." *Id.*

Since *Bellmore*, the court has both approved of the use of the instruction, *see McCord v. State*, 622 N.E.2d 504, 512–13 (Ind.1993) (holding that instruction does not unduly suggest to jury inference it should draw from flight), and noted its earlier disapproval, but declined to find reversible error in its use. *See Bufkin v. State*, 700 N.E.2d 1147, 1151 (Ind.1998) ("this Court has recommended against the use of the flight instruction."); *Walker v. State*, 607 N.E.2d 391, 393–94 (Ind.1993) (stating that instruction "is a correct statement of the law," but "noting" *Bellmore* ); *Fleenor v. State*, 622 N.E.2d 140, 147 (Ind. 1993), *cert. denied*, 513 U.S. 999, 115 S.Ct. 507, 130 L.Ed.2d 415 (1994).

■ We interpret this case law as sounding a cautionary note acknowledging the potential problems with the use of flight instructions, but not a clear prohibition on them. Thus, trial courts faced with a requested flight instruction continue to have the discretion to give such an instruction, but should exercise that discretion with caution.

■ Dill also argues that there was insufficient evidence to support giving the instruction. "An instruction is proper only if there is some evidence of probative value to support it." *Wisehart v. State*, 693 N.E.2d 23, 51 (Ind.1998), *cert. denied*, 526 U.S. 1040, 119 S.Ct. 1338, 143 L.Ed.2d 502 (1999). In reviewing the trial court's decision, we construe all inferences which can be drawn from the evidence in favor of the trial court's ruling. *Bufkin*, 700 N.E.2d at 1151.

■ In this case, Dill's girlfriend testified that they began living together in the spring of 1998. On October 15, 1998, the two argued because she would not give Dill her keys. The two then left for the eve-

ning separately. She further testified that when she returned, Dill was not there and never came home that evening. On October 16, 1998, she went to work and realized that her key was missing when she was unable to let herself into the office. She later discovered that her employer's office had been burglarized and found her key on her desk. She made a telephone call looking for Dill, but was unsuccessful at locating him. In the evening, Dill spoke with her by telephone from Murfreesboro, Tennessee. He had not taken his personal belongings with him. This evidence amply supports the giving of the flight instruction.

The trial court considered the state of the law, the evidence of flight, and the propriety of giving the instruction in this case. We cannot say that the trial court abused its discretion in making the determination that the instruction was proper in this case.

Affirmed.

BAKER, J., and RILEY, J., concur.