**Eric D. LUCKHART, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 18A02–0204–CR–347.

Court of Appeals of Indiana.

Jan. 9, 2003.

Louis W. Denney, Muncie, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Eric D. Luckhart appeals his conviction for Operating a Vehicle While Intoxicated, a Class C misdemeanor.[1] We affirm.

### Issues

Luckhart raises the following two issues: (1) whether the State established his guilt with sufficient evidence, and (2) whether the trial court abused its discretion by instructing the jury that Luckhart's refusal to take a blood alcohol test could be considered evidence of guilt.

### Facts and Procedural History

On October 21, 2001, Officer Ronald Miller of the Muncie, Indiana police department was dispatched to investigate a fight, and was told that Luckhart had fled the scene of the altercation in a small dark vehicle. While traveling to the location, Officer Miller saw Luckhart driving away, and pulled him over. When Luckhart stepped out of his car at Officer Miller's request, Officer Miller noticed the strong smell of alcohol on Luckhart's breath. Officer Jason Hicks arrived on the scene, and the officers noticed that Luckhart's eyes were bloodshot, his speech was slurred, and his balance was off. Officer Hicks asked Luckhart to take field sobriety tests and a breath test, but Luckhart refused despite being read the implied consent law. Luckhart was then arrested and charged with operating a vehicle while intoxicated, and with operating a vehicle despite having his driving privileges revoked for life. He was convicted of both charges, but appeals only the operating while intoxicated conviction.

1. IND.CODE § 9–30–5–2(a).

## Discussion and Decision

### I. Sufficiency of the Evidence

#### A. Standard of Review

 Luckhart claims that the State failed to prove his guilt with adequate evidence. When we review a claim that a conviction is not supported by sufficient evidence establishing the defendant's guilt, we generally may not reweigh the evidence or question the credibility of witnesses. *Doty v. State,* 730 N.E.2d 175, 180 (Ind.Ct. App.2000). That is the function of the fact finder. *Id.* We must affirm a conviction if the finder of fact heard evidence of probative value from which it could have inferred the defendant's guilt beyond a reasonable doubt. *Graham v. State,* 713 N.E.2d 309, 311 (Ind.Ct.App.1999), *trans. denied.* When making this determination, we consider only the evidence, and all reasonable inferences to be drawn from that evidence, favorable to the verdict. *Id.*

#### B. Analysis

 To convict Luckhart of Operating a Vehicle While Intoxicated under Indiana Code section 9–30–5–2(a), the State was required to prove that Luckhart operated a vehicle "under the influence of alcohol ... so that there [was] an impaired condition of thought and action and the loss of normal control of [Luckhart's] faculties." IND.CODE § 9–13–2–86 (defining "intoxicated"). Luckhart specifically argues that the State failed to prove that he was intoxicated at the time he operated his vehicle. The police officers who pulled Luckhart over observed that Luckhart smelled of alcohol, had bloodshot eyes and slurred speech, and was having difficulty balancing himself. A person's intoxication may be established by such evidence, *Dunkley v. State,* 775 N.E.2d 1121, 1123–24 (Ind.Ct.

App.2002), and the evidence of Luckhart's intoxication in this case was sufficient to support his conviction.

## II. Instruction

### A. Standard of Review

Instruction of the jury is left to the sound judgment of the trial court, and will not be disturbed absent an abuse of discretion. *Reed v. State*, 720 N.E.2d 431, 435 (Ind.Ct.App.1999), *trans. denied.* Jury instructions will be considered as a whole and not individually, and a court does not necessarily abuse its discretion by giving an erroneous instruction. *Id.* To find that the court abused its discretion by giving an erroneous instruction, we must find that the instructions taken as a whole misstate the law or otherwise mislead the jury. *Id.*

### B. Analysis

Indiana Code section 9–30–6–1 provides that "[a] person who operates a vehicle impliedly consents to submit to the chemical test provisions of this chapter as a condition of operating a vehicle in Indiana." Pursuant to Indiana Code section 9–30–6–2(d), "[a] person must submit to each chemical test offered by a law enforcement officer in order to comply with the implied consent provisions of this chapter." Indiana Code section 9–30–6–3(b) states that " . . . a person's refusal to submit to a chemical test is admissible into evidence." Here, Luckhart was asked to take a chemical breath test but refused, and his refusal was admitted into evidence. The trial court instructed the jury that "[t]he defendant's refusal to submit to a chemical test for intoxication may be considered as evidence of Defendant's guilt of driving while intoxicated." (Tr. 142–143, App. 70.) Luckhart argues that the trial court erred by giving this instruction, apparently on the ground that the instruction was misleading.

In *Hurt v. State*, 553 N.E.2d 1243, 1249 (Ind.Ct.App.1990), this Court was faced with a challenge to an instruction virtually identical to the one at issue in this case. Although it is not entirely clear from the opinion, it appears that the appellant in *Hurt* contended that the instruction misled and confused the jury because the instruction referred to the use of the defendant's refusal of the chemical test as evidence of the defendant's "guilt" rather than the use of the refusal as evidence of the more narrow fact of intoxication. *See id.* This Court noted that the United States Supreme Court expressly approved of the use of the same kind of "evidence of guilt" instruction in *South Dakota v. Neville*, 459 U.S. 553, 565, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). We further concluded in *Hurt* that the instruction used there was not misleading because many of the instructions given to the jury referenced the issue of the defendant's guilt as well as the particular elements required for a guilty verdict. 553 N.E.2d at 1249.

In this case, as in *Hurt*, the trial court's instructions repeatedly referenced the issue of Luckhart's guilt, and expressly set forth the elements that had to be proved to establish Luckhart's guilt. It might have been more accurate for the trial court to have instructed the jury that Luckhart's refusal to take a chemical breath test was evidence of his intoxication rather than evidence of his guilt of the offense of driving while intoxicated, as there is no connection between his refusal to take the test and his operation of a vehicle. Nevertheless, there was no dispute that Luckhart had been driving when he refused to take the test, and it is not likely that the jury was confused about the proper element of the offense to which the evidence pertained. Accordingly, the trial

court did not abuse its discretion by giving the instruction.

Affirmed.

ROBB and BARNES, JJ., concur.