**Andrew Peter STOLTMANN,
Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 82A01–0302–CR–43.**

Court of Appeals of Indiana.

Aug. 15, 2003.

Jon Aarstad, Vanderburgh County Public Defender Agency, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary[1]

Appellant-defendant Andrew Peter Stoltmann appeals his convictions for operating a motor vehicle while driving privileges are forfeited for life, a Class C felony,[2] and operating a vehicle while intoxicated[3] as a Class C misdemeanor. We affirm.

### Issues

Stoltmann raises four issues for review, which we consolidate and restate as the following three:

I. Whether sufficient evidence supports his convictions;

II. Whether the trial court properly denied his motions for mistrial; and

III. Whether the trial court properly instructed the jury.

### Facts and Procedural History

The facts most favorable to the convictions indicate that on March 2, 2002, Vanderburgh County Sheriff's Deputy Jeffrey South investigated a vehicle stopped in a parking lot with its engine running. As Deputy South approached, Stoltmann was standing behind the vehicle, urinating. Stoltmann's friend Nicholas Roman was sitting in the front passenger's seat. Stoltmann then walked to the rear driver's side door, entered the vehicle, and exclaimed, "oops, wrong door." Tr. at 123. Deputy South suspected that Stoltmann was intoxicated after observing his glazed eyes, poor balance, slurred speech, and detecting the odor of alcohol. Stoltmann subsequently admitted to being intoxicated.

Upon Deputy South's request for identification, Stoltmann gave a false name and stated that he did not have a driver's license. Deputy South searched Stoltmann, located a check stub with his correct name, and determined that his driver's license had been suspended for life. Deputy South also determined that the vehicle was not registered to either Stoltmann or Roman. Stoltmann told Deputy South that he had been at a friend's house and that he was test-driving the vehicle after installing a transmission. Roman also stated that Stoltmann had been driving the vehicle.

Vanderburgh County Sheriff's Deputy Mark Gilles arrived, and both deputies performed field sobriety tests on Stoltmann. After failing a horizontal gaze nystagmus test, Stoltmann refused to take additional field sobriety tests. Deputy South read Stoltmann the Indiana implied consent law and arrested him. Deputy Gilles transported him to the Evansville police station, where he refused to take a chemical breath test.

On March 5, 2002, the State charged Stoltmann with operating a motor vehicle while driving privileges are forfeited for life, a Class C felony, and operating a vehicle while intoxicated as a Class C misdemeanor. On December 10, 2002, a jury found him guilty as charged. Stoltmann now appeals.

### Discussion and Decision

#### I. Sufficiency of the Evidence

■ Stoltmann contends that there is insufficient evidence to prove beyond a

---

1. We heard oral argument in this case on July 28, 2003, in Indianapolis. We commend counsel for their spirited appellate advocacy.

2. Ind.Code § 9–30–10–17.

3. Ind.Code § 9–30–5–2(a).

reasonable doubt that he operated the vehicle.

Our standard of review when considering the sufficiency of evidence is well settled. We will not reweigh the evidence or consider the credibility of witnesses. Only the evidence most favorable to the verdict, together with all reasonable inferences that can be drawn therefrom will be considered. If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed.

*Livermore v. State,* 777 N.E.2d 1154, 1161 (Ind.Ct.App.2002).

■ When initially questioned by Deputy South, Stoltmann stated that he had been test-driving the vehicle. *See* Tr. at 128. Additionally, Stoltmann entered the driver's side of the vehicle, and Roman was sitting on the passenger's side of the vehicle. From this evidence, the jury could have drawn the reasonable inference that Stoltmann had operated the vehicle. Stoltmann's assertions to the contrary are an invitation to reweigh the evidence, which we will not do.

### II. Motion for Mistrial

■ During voir dire, Stoltmann objected when the prosecutor gestured while comparing the operation of a vehicle while intoxicated with the possession of a firearm by a serious violent felon. Stoltmann interpreted the prosecutor's gesture as implying that he was a serious violent felon. The trial court dismissed the venireman to whom the prosecutor had addressed his remarks. At trial, Stoltmann objected when the prosecutor asked if Roman was romantically involved with Stoltmann. The trial court struck the question from the record and denied Stoltmann's subsequent motion for mistrial. During closing argument, Stoltmann objected when the prosecutor stated, "And [Stoltmann] knew, with his record, what he was facing. He knew of his suspended, forfeited for life[.]" Tr. at 255. The trial court overruled Stoltmann's objection and denied his subsequent motion for mistrial.

■ Stoltmann now contends that the trial court improperly denied his motions for mistrial in response to alleged prosecutorial misconduct.

[T]o succeed on appeal from the denial of a mistrial, a defendant must demonstrate that the conduct complained of was both error and had a probable persuasive effect on the jury's decision. The decision to grant or deny a motion for a mistrial lies within the discretion of the trial court. A mistrial is an extreme remedy granted only when no other method can rectify the situation. Because the trial court is in the best position to evaluate the relevant circumstances of an event and its impact on the jury, the trial court's determination of whether to grant a mistrial is afforded great deference on appeal.

*Booher v. State,* 773 N.E.2d 814, 820 (Ind. 2002) (citations omitted).

Stoltmann claims that the three aforementioned incidents constitute prosecutorial misconduct but fails to demonstrate that they were either error or had a probable persuasive effect on the jury's decision. As such, he has failed to demonstrate that the trial court abused its discretion in denying his motions for mistrial.

### III. Jury Instructions

■ Stoltmann challenges two of the trial court's final jury instructions. "Instruction of the jury is left to the sound judgment of the trial court and will not be disturbed absent an abuse of discretion. Jury instructions are not to be considered in isolation but as a whole and in reference

to each other." *Reed v. State*, 720 N.E.2d 431, 435 (Ind.Ct.App.1999) (citation omitted), *trans. denied* (2000). "The instructions must be a complete, accurate statement of the law which will not confuse or mislead the jury." *Sylvester v. State*, 698 N.E.2d 1126, 1131 (Ind.1998).

### A. Refusal to Take Chemical Breath Test

█ Stoltmann first claims that the following instruction was confusing and misleading: "A defendant's refusal to submit to a chemical test may be considered as evidence of the defendant's guilt." Appellant's App. at 194. Two panels of this court have concluded that the giving of this instruction is not an abuse of discretion. *See Luckhart v. State*, 780 N.E.2d 1165, 1168 (Ind.Ct.App.2003) ("[T]here was no dispute that Luckhart had been driving when he refused to take the test, and it is not likely that the jury was confused about the proper element of the offense to which the evidence pertained."); *Hurt v. State*, 553 N.E.2d 1243, 1249 (Ind.Ct.App.1990) ("The use of the word guilt, taken in the context of all the instructions, was not confusing, nor was the instruction otherwise impermissible."). The *Luckhart* court expressed reservations about the instruction but concluded that it was not erroneous:

> In this case, as in *Hurt*, the trial court's instructions repeatedly referenced the issue of Luckhart's guilt, and expressly set forth the elements that had to be proved to establish Luckhart's guilt. It might have been more accurate for the trial court to have instructed the jury that Luckhart's refusal to take a

chemical breath test was evidence of his intoxication rather than evidence of his guilt of the offense of driving while intoxicated, as there is no connection between his refusal to take the test and his operation of a vehicle.

*Luckhart*, 780 N.E.2d at 1168.[4] We disagree.

█ "The purpose of a jury instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict." *Dill v. State*, 741 N.E.2d 1230, 1232 (Ind.2001). "[I]nstructions that unnecessarily emphasize one particular evidentiary fact, witness, or phase of the case have long been disapproved." *Id.* "An instruction as to what evidence warrants an inference of guilt clearly invades the jury's province." *Crawford v. State*, 550 N.E.2d 759, 761 (Ind.1990). While Stoltmann's refusal to take the chemical breath test was admissible into evidence, *see* Ind.Code § 9–30–6–3(b), the challenged instruction unduly emphasizes its importance. Furthermore, the instruction confuses and misleads the jury by permitting it to infer that the refusal is sufficient to establish all the elements of the offense of operating a vehicle while intoxicated, when, at best, it establishes only that he refused to take the test.

Our supreme court recently disapproved the use of an analogous instruction. In *Dill*, the court found that the trial court erred in instructing the jury that "it could consider the flight of a person after the commission of a crime" as evidence of guilt. *Dill*, 741 N.E.2d at 1231–32. The

---

**4.** The *Luckhart* court cited to *Hurt*, 553 N.E.2d at 1249, for the proposition that the United States Supreme Court had approved the use of this instruction in *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). As the *Hurt* court cor-

rectly acknowledged, however, *Neville* held only that the admission of a defendant's refusal to take a chemical breath test as substantive evidence of guilt is not fundamentally unfair. *See Hurt*, 553 N.E.2d at 1249 (citing *Neville*, 459 U.S. at 565, 103 S.Ct. 916).

*Dill* court determined that the instruction was confusing and misleading and unduly emphasized specific evidence. *Id.* at 1233. For similar reasons, we conclude that the trial court abused its discretion in instructing the jury regarding Stoltmann's refusal to submit to the chemical breath test.

 We note, however, that

[e]rrors in the giving or refusing of instructions are harmless where a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. An instruction error will result in reversal when the reviewing court cannot say with complete confidence that a reasonable jury would have rendered a guilty verdict had the instruction not been given.

*Smith v. State,* 755 N.E.2d 1150, 1152 (Ind. Ct.App.2001) (citations and quotation marks omitted). Here, Stoltmann admitted to Deputy South that he had operated the vehicle and was intoxicated. Stoltmann's conviction for operating a vehicle while intoxicated is clearly sustained by the evidence, and the jury could not have properly found otherwise. The giving of the instruction was harmless error.

### B. Prior Inconsistent Statement

 Stoltmann also takes issue with the following instruction:

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement inconsistent with his testimony in this case. It is inconsistent if the witness denied making the prior statement or if the witness could not remember making the prior statement. Evidence of this kind may be considered by you in deciding the weight to given to the testimony of that witness as well as substantial evidence of the guilt of the defendant.

Appellant's App. at 204. Because Stoltmann did not object to this instruction at trial, he has waived this issue on appeal. *See Boesch v. State,* 778 N.E.2d 1276, 1279 (Ind.2002).

 To avoid procedural default, he contends that the instruction was fundamental error.

The "fundamental error" rule is extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. When determining whether a defendant suffered a due process violation based on an incorrect jury instruction, we look not to the erroneous instruction in isolation, but in the context of all relevant information given to the jury, including closing argument, and other instructions. There is no resulting due process violation where all such information, considered as a whole, does not mislead the jury as to a correct understanding of the law.

*Id.* (citations omitted). In support of his contention that the giving of the instruction was fundamental error, Stoltmann points both to Roman's prior inconsistent unsworn statement in which he identified Stoltmann as the driver and to the prosecutor's reliance on the statement during closing argument.

 We agree with Stoltmann that a witness's prior inconsistent unsworn statement is not admissible as substantive evidence.

Indiana Evidence Rule 801(d)(1)(A) provides that a statement is not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross examination concerning the statement, and the statement is ... inconsistent with the declarant's testimony and was given under oath subject to the penalty of perju-

ry at a trial, hearing or other proceeding, or in a deposition [.]"

*Humphrey v. State*, 680 N.E.2d 836, 838 (Ind.1997) (alterations in *Humphrey* ). Because Roman's prior inconsistent statement was not given under oath, it was hearsay and therefore inadmissible under Evidence Rule 802. *See* Ind. Evidence Rule 802 ("Hearsay is not admissible except as provided by law or by these rules."). The statement was admissible under Evidence Rule 613, however, for the limited purpose of impeaching Roman. *See* Ind. Evidence Rule 613 ("Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require."); *see also Humphrey* at 838–39. The trial court erred in instructing the jury otherwise. Nevertheless, given Stoltmann's admission to Deputy South that he had driven the vehicle and the circumstantial evidence supporting this admission, we cannot conclude that the giving of this instruction substantially harmed Stoltmann or denied him fundamental due process.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.