590 So.2d 431 (1991)
Martin WERNER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-0686.
District Court of Appeal of Florida, Fourth District.
July 31, 1991.
*432 Bruce S. Rogow of Bruce S. Rogow, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING AND REQUEST TO CERTIFY QUESTION OF GREAT PUBLIC IMPORTANCE
GARRETT, Judge.
We deny the state's motion for rehearing, but grant its request to certify a question to be of great public importance and substitute the following to clarify our March 27, 1991 opinion:
Appellant Martin Werner appeals his conviction and sentence for committing a lewd or lascivious act in the presence of a child. We reverse.
At about 5:30 a.m. appellant and his wife were sleeping when their thirteen month old daughter dressed in pajamas woke up. The wife asked appellant to take care of the child. Appellant picked up the child and after a few minutes took her into the bathroom. When appellant did not come out of the bathroom for half an hour, the wife knocked on the locked door. Appellant unlocked the door and the wife entered the bathroom and found the child sitting on the floor in diapers "covered with baby oil." Appellant told his wife he had been masturbating while caring for the child.
The state charged appellant with violating section 800.04(3), Florida Statutes (1987), which reads:
Any person who knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years without committing the crime of sexual battery is guilty of a felony of the second degree... .
[Emphasis added.] For whatever reason, the state chose not to charge appellant under subsection (1) of the statute which makes it a crime for any person to handle or fondle a child in a lewd, lascivious or indecent manner.
The prosecutor and defense counsel both recognized that the main trial issue was *433 whether the appellant's act of masturbation took place in the presence of his daughter. But they differed as to what the phrase "in the presence of" means. We note that no legislative history is available as to the meaning of that phrase which has been part of section 800.04 for over forty-five years.
At trial, the location of the daughter when appellant masturbated became a major issue. The state disputed appellant's statements to his wife and a psychologist that he placed his daughter in an enclosed shower so she would not see him masturbate.
At the hearing on appellant's motion for a judgment of acquittal, the prosecutor argued:
It's the State's position that the State does not have to prove in any way, fashion or form that the child perceived the act of masturbation. All the state has to prove was the fact that the [appellant] masturbated in front of the child.
The trial judge agreed and denied the motion. After appellant rested without calling any witnesses, defense counsel renewed the motion. In opposition, the state gave this example:
[If] what [defense counsel] is saying is true, any person can go and masturbate in front of children in the home, and because they can't see it, that's all right, they can go to a pediatric ward ... and that's all right because the person would not be able to perceive the act. It's not an element to this crime.
The trial judge also denied that motion. At the jury instruction conference, defense counsel noted that no standard jury instruction defined the phrase "in the presence of." The prosecutor seized on the absence of a definition and argued:
There is nothing in the jury instructions which indicate that the child has to see the act and/or perceive the act, and the state is going to ask that the defense not be able to argue that to a jury because that is not the law in the State of Florida. The law is that the defendant must do the act.[1]
In response, defense counsel commented:
Unless the jury has some guidance as to what does that phrase mean ... we are going to leave a jury to speculate what does that phrase mean... .
During closing argument, the prosecutor remarked:
Knowingly committing a lewd act in the presence of [the child].
The State has proven the element, but what some of you might be saying right now, is, [Ms. Prosecutor], he committed this crime in front of [the child] but come on, [the child] is only 13 months old. She could not perceive that act. How do we know she saw the act.
The State doesn't have to prove that to you. When [the trial judge] reads you the law, he is never going to say to you that the State has to prove that [the child] perceived what was happening or saw what was happening. What [the trial judge] is going to tell you is that the act must have been done, the lewd act, must have been done in the presence of [the child], and if you think about it, and use your common sense for a few moments, you'll understand why.
Let's take an example. Say you have a person that goes to a children's home. The children's home is a kind of a home where none of the children can see. A man comes and masturbates in front of that home, in front of those children, and they can't see. They cannot perceive the masturbation. Do we let that person go? That's not a crime?
It's still a crime in the State of Florida, so just because [the child] could not perceive that act, doesn't mean that you all come back with a verdict of not guilty because that is not the law, and the State is going to ask you to follow the law.
As long as the lewd act was done in the presence of [the child], it doesn't *434 matter whether she was in or outside that bathroom  or that bathtub.
Defense counsel argued that no crime occurred because the daughter did not "perceive anything, she didn't see anything...."
We hold that the trial judge should have granted appellant's motion for judgment of acquittal. We conclude that in the presence of means more than a child merely being in the vicinity where a lewd or lascivious act occurs. Other legal usages of the phrase support our conclusion. Rule 3.830 of the Florida Rules of Criminal Procedure deals with direct criminal "contempt committed in the actual presence of the court" and states that such contempt may be punished "if the court saw or heard the conduct." [Emphasis added]. Numerous cases hold that contemptuous conduct that the judge does not see or hear is committed outside the presence of the court and must be prosecuted as indirect criminal contempt. Also, Black's Law Dictionary 1065 (5th ed. 1979) includes "within sight" as part of its definition of the word "presence" and defines "presence of the court" as follows:
A contempt is in the `presence of the court,' if it is committed in the ocular view of the court, or where the court has direct knowledge of the contempt.
It also defines two other examples:
Presence of an officer. An offense is committed in `presence' or `view' of officer ... when [the] officer sees [an] act ... or when circumstances within his observations ... or when he hears disturbance created by offense... .
Presence of the testator. Will attested in presence of testator if witnesses are within range of any of testator's senses.
Id. Further, section 732.502(1)(b), Florida Statutes, provides that a testator must sign the will "`in the presence of' at least two attesting witnesses." This court has interpreted that section to mean that "each witness must see the testator sign." In re Estate of Charry, 359 So.2d 544, 545 (Fla. 4th DCA 1978) (emphasis added). Both the criminal and civil standard jury instructions contain the phrases "in your presence" and "in the presence of." Fla.Std.Jury Instr. (Crim.) 1.01; Fla.Std.Jury Instr. (Civil) 1.1. One instruction stresses that the jury must only decide the case on the evidence presented in their presence at trial. Another that jurors must report to the trial judge if during a recess anyone says anything about the case in their presence. Obviously, jurors cannot consider trial evidence or report an incident if they did not see or hear the evidence or incident although the incident may have taken place in their presence. Lastly, the requirement of Rule 3.180 of the Florida Rules of Criminal Procedure that a defendant be present at all critical stages of the proceedings, without question contemplates that the defendant see what occurs. See Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988) (confrontation clause prohibits screen that blocks defendant's view as victim testified). None of the foregoing examples attain legal significance simply because they take place where the affected person is located.
Therefore, we further conclude that a violation of section 800.04(3) cannot occur unless a child sees or senses[2] that a lewd or lascivious act is happening. For example, if one or more persons commit a lewd or lascivious act in a place where a child lays sleeping they do not violate section 800.04(3). The sleeping child does not see or sense the act. However, we do not hold that the child must comprehend what the offender is doing. For a crime to occur a child only has to see a knowingly committed lewd or lascivious act. See Chesebrough v. State, 255 So.2d 675 (Fla. 1971) (husband and wife showed their son the method of procreation of the human race).
It is axiomatic that the state must prove each element of the charged offense beyond a reasonable doubt before there can be a conviction and if the state fails to *435 prove any one of the elements the defendant must be found not guilty. Sub judice, before appellant could be convicted as charged the state had to prove two elements beyond a reasonable doubt (1) the daughter was under the age of sixteen years and (2) appellant knowingly committed a lewd or lascivious act in the presence of his daughter. LEWD, LASCIVIOUS, INDECENT ASSAULT OR ACT UPON OR IN THE PRESENCE OF CHILD; SEXUAL BATTERY  F.S. 800.04, Fla.Std. Jury Inst. (Crim.), May 1987, p. 122. Based on our analysis, we believe the second element should have been: appellant knowingly committed a lewd or lascivious act that his daughter saw or sensed.
Appellant moved for the judgment of acquittal on the ground that the state did not prove the second element beyond a reasonable doubt. Defense counsel argued that the state's evidence failed to exclude appellant's hypothesis of innocence: his daughter did not see him masturbate. The state acknowledged that its proof as to the second element was "circumstantial." Obviously, proof that a child "saw or sensed" a lewd or lascivious act will vary from case to case. In Kalinoski v. State, 414 So.2d 656 (Fla. 1st DCA 1982), a child four years and ten months old sat in her parent's car a few feet from where the defendant stood committing a lewd or lascivious act. The First District concluded that the evidence was sufficient to prove that the act had been committed "in the presence of" the child as she looked out the car window "because she wanted to see what was going on and who was yelling. The child grabbed her mother's shoulder `as if she wanted protection.'" Id. at 657. Sub judice, the daughter showed no emotion or reaction of any kind when the wife entered the bathroom and picked her up. The state's evidence as to the second element only consisted of the wife's testimony that her daughter was "very bright" and "able to perceive everything" and the compelling evidence of what the wife saw when she entered the bathroom. That circumstantial evidence was susceptible of two reasonable hypotheses, one indicated guilt  the daughter saw appellant masturbate and the other indicated innocence  the daughter did not see appellant masturbate. The hypotheses remain the same regardless of the daughter's location when appellant masturbated.
"Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." State v. Law, 559 So.2d 187, 188 (Fla. 1989). Ordinarily, the jury makes that determination. Toole v. State, 472 So.2d 1174, 1176 (Fla. 1985). However, as a threshold matter before the case goes to the jury, the trial court should determine if the state produced competent, substantial evidence of the defendant's guilt which is susceptible of only one inference. See Fowler v. State, 492 So.2d 1344, 1347 (Fla. 1st DCA 1986). "Evidence that leaves room for two or more inferences of fact, at least one of which is consistent with the defendant's hypothesis of innocence, is not legally sufficient to make a case for the jury." Id. at 1347-8. "A motion for judgment of acquittal should be granted in a circumstantial case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt." Law at 188.
We hold that the state's evidence as to the second element created two inferences, one of which was not inconsistent with the appellant's reasonable hypothesis of innocence. Or said another way, the jury had insufficient evidence upon which to exclude every reasonable hypothesis except that of appellant's guilt. Accordingly, we reverse appellant's conviction, vacate his sentence and remand with directions to the trial judge to discharge appellant.
The issue of whether appellant should have been given a non-jury trial as stipulated is rendered moot by our opinion. We find no merit as to the remaining issues. However, we certify the following question to be of great public importance:
DOES THE STATE HAVE TO PROVE THAT THE VICTIM SAW OR SENSED THE LEWD OR LASCIVIOUS ACT IN THE PROSECUTION OF A DEFENDANT CHARGED UNDER SECTION 800.04(3), FLORIDA STATUTES (1987)?
REVERSED AND REMANDED.
*436 WARNER, J., concurs.
GLICKSTEIN, C.J., concurs in part and dissents in part with opinion.
GLICKSTEIN, Chief Judge, concurring in part and dissenting in part.
I agree with the majority's reversal and certification; however, I now believe our original opinion went too far. While the defendant is clearly entitled to a new trial, I am no longer convinced of his entitlement to acquittal.
A number of letters  individual and organizational  have been sent to the panel, seeking to influence our action in behalf of or out of concern for the child. Our decisions at the appellate level rely solely upon the attorneys' briefs and facts in the record from the trial court, to which facts we apply the appropriate law as we perceive it in the exercise of our best, independent and collegial judgment, free of ex parte letters, lobbying, or other outside pressures upon us to take some specific, desired action. The letters have been filed with the clerk and disregarded by us in the decision making.
I make these initial remarks, reflecting my personal, individual view, to discourage such future ex parte communications, which communications  however so called well intended  if considered, would violate the integrity of the judicial process and substitute a form of hue and cry for due process not fitting for an appellate court unlike the French Assembly or Roman Coliseum. At stake in this criminal appeal was the defendant's freedom.
The parties provided us no legislative history of any nature as to section 800.04(3), Florida Statutes (1987), but we have all concluded that the section requires the child see or sense the lewd or lascivious act to support a conviction thereunder.[3] Accordingly, all of the panel agree that it was harmful error for the jury to believe the state had no responsibility to prove the child saw or sensed what was occurring. The well-considered majority opinion, in essence, relates what occurred at the trial level; namely, that under the state's theory of the case, had the child been blind, deaf, totally retarded, and in the bathroom with the lights off, the defendant could have been guilty so long as the act took place "in front of" the child.
Nevertheless, I now believe we also erred in our original opinion by going too far in correcting what occurred at the trial. The circumstantial evidence to which the majority alludes and which the record further reflects establishes, in my view, a question for the jury with the proper instruction. The defendant was in the bathroom for about twenty-five minutes with the child. He admitted masturbating. At the time of the mother's entrance, the child was near the defendant and was wearing less than what she was wearing when the father took her in to change her. There was baby oil on the baby. It was a middle class bathroom, not Buckingham Palace; and a conflict existed whether the baby had ever been placed in the tub. The child had all of her senses and, assumingly, the bathroom light was on.
Two recent cases are instructive. The more recent, State v. Law, 559 So.2d 187 (Fla. 1989), concerns itself solely with the issue of circumstantial evidence, saying:
It is the trial judge's proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. Spinkellink v. State, 313 So.2d 666, 670 (Fla. 1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976).
Id. at 189 (emphasis in original). Another case, Cochran v. State, 547 So.2d 928 (Fla. 1989), held:

*437 But the question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, the verdict will not be reversed on appeal. Heiney v. State, 447 So.2d 210, 212 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Williams v. State, 437 So.2d 133 (Fla. 1983), cert. denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 164 (1984); Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983). The circumstantial evidence standard does not require the jury to believe the defense version of facts on which the state has produced conflicting evidence, and the state, as appellee, is entitled to a view of any conflicting evidence in the light most favorable to the jury's verdict. Buenoano v. State, 478 So.2d 387 (Fla. 1st DCA 1985), review dismissed, 504 So.2d 762 (Fla. 1987).
Id. at 930. I would now reverse and remand for a new trial.
I also believe there was a second harmful error in the case; namely, the trial court's sua sponte vacation of the parties' waiver of jury trial contrary to Florida Rule of Criminal Procedure 3.260. On remand, I would direct that the new trial be nonjury as the parties agreed.
NOTES
[1] Earlier, the prosecutor told the trial judge:

[B]oth [defense counsel] and myself have done extensive research on [whether or not a child had to perceive the act of masturbation], and there is no case law which supports that issue.
[2] We can envision a scenario where a child does not actually see the lewd or lascivious act but does sense that act is happening.
[3] While the trial judge referred to the statute at sentencing as the "indecent assault statute," the section with which the defendant was charged clearly did not involve any unlawful touching of the child as section 800.04(1) would have covered:

Any person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner[.]