We have for review Werner v. State, 590 So.2d 431, 435 (Fla. 4th DCA 1991), in which the Fourth District Court of Appeal certified the following question to be of great public importance:
 DOES THE STATE HAVE TO PROVE THAT THE VICTIM SAW OR SENSED THE LEWD OR LASCIVIOUS ACT IN THE PROSECUTION OF A DEFENDANT CHARGED UNDER SECTION 800.04(3), FLORIDA STATUTES (1987)? *Page 586 
We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and we answer the question in the affirmative.
Martin Werner and his wife were sleeping when their thirteen-month-old daughter woke up. When the wife asked Werner to care for the child, he took his daughter into the bathroom. After half an hour, the wife knocked on the locked bathroom door. When Werner unlocked the door, the wife found the child sitting on the bathroom floor. Werner told his wife that he had been masturbating while caring for the child.
The State charged Werner with violating section 800.04(3), Florida Statutes (1987). This statute provides in pertinent part that any person who "[k]nowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years without committing the crime of sexual battery is guilty of a felony of the second degree." § 800.04(3), Fla. Stat. (1987) (emphasis added).
At trial, defense counsel moved for a judgment of acquittal based upon the argument that "as a matter of law . . . when [the legislature] passed this statute about committing a lewd or lascivious act in the presence of, they're talking about a child seeing something." The prosecutor argued that "the State does not have to prove in any way, fashion or form that the child perceived the act of masturbation. All the State has to prove was [sic] the fact that the defendant masturbated in front of the child." The trial judge agreed with the State and denied Werner's motion. The jury convicted Werner of indecent assault for committing a lewd or lascivious act in the presence of his daughter, and the judge sentenced him to eleven years' probation, and one year to be served in the Broward County Jail. The trial court also ordered Werner to submit to counseling and have no contact with the child until completion of counseling, recommendation of the counselor, and a full hearing before the court.
The Fourth District Court of Appeal found that a violation of section 800.04(3) cannot occur unless a child sees or senses that a lewd or lascivious act is occurring, although the child's perception does not have to include comprehension of the nature of the act. Werner, 590 So.2d at 434. The district court determined that the State's evidence as to this element of the offense was circumstantial and susceptible to two reasonable hypotheses, one of which indicated Werner's innocence. Concluding that the jury had insufficient evidence to convict Werner, the district court reversed Werner's conviction and vacated the sentence. Id. at 435.
The question presented to this Court is one of statutory interpretation, determining the meaning of "presence" as used in section 800.04(3). Werner contends that the State must prove that the victim saw or sensed the lewd or lascivious act when prosecuting defendants under this statute. The State argues that the plain and ordinary meaning of "presence" is "the part of space within one's immediate vicinity." Webster's New CollegiateDictionary 930 (9th ed. 1990). Thus, the State concludes that the district court added an additional requirement to the element of presence by holding that "in the presence of" means more than a child merely being in the vicinity where a lewd or lascivious act occurs.
However, we find that the complete definition of "presence" encompasses sensory awareness as well as physical proximity.[1]
In legal parlance "presence" also denotes something more than being in the immediate vicinity. As noted by the district court below, Black's Law Dictionary defines "presence" as including "within sight." Black's Law Dictionary 1065 (5th ed. *Page 587 
1979). The dictionary examples of the legal usage of "presence" further illustrate that it is the viewing or the awareness of an act that gives legal significance to the term.[2] Florida courts have interpreted "presence" in other legal contexts as encompassing more than mere physical proximity. See Malone v.Howell, 140 Fla. 693, 192 So. 224 (1939) (presence of officer for purposes of a lawful misdemeanor arrest without a warrant requires that the misdemeanor must be actually detected by the officer by the use of one of his senses); In re Estate of Charry,359 So.2d 544 (Fla. 4th DCA 1978) (statutory requirement that testator must sign will in presence of two attesting witnesses interpreted to mean that each witness must see the testator sign). Florida Rule of Criminal Procedure 3.830 also provides that direct criminal contempt "may be punished summarily if the court saw or heard the conduct constituting contempt committed in the actual presence of the court." (Emphasis added).
Applying the legal as well as the common-sense meaning of the word "presence" to section 800.04(3), leads us to the conclusion that, while the child need not be able to articulate or even comprehend what the offender is doing, the child must see or sense that a lewd or lascivious act is taking place for a violation to occur.
Even if we determined that the language of section 800.04(3) is ambiguous, the result would be the same. "[W]hen the language [of a criminal statute] is susceptible of differing constructions, it shall be construed most favorably to the accused." § 775.021(1), Fla. Stat. (1987). Based upon this statutory rule of construction, any doubt as to the meaning of "presence" in section 800.04(3) would have to be resolved in Werner's favor.
We recognize that this construction of "presence" may pose an evidentiary problem when the child victim is too young to articulate what he or she has seen or sensed. However, as the district court noted below, testimony of a third party as to the child's emotional state or reaction to the incident can constitute sufficient evidence of sensory awareness. Werner,
590 So.2d at 435. For example, in Kalinoski v. State, 414 So.2d 656, 657 (Fla. 1st DCA 1982), the First District Court of Appeal concluded that there was sufficient evidence to prove that a lewd or lascivious act had been committed in the presence of a four-year-old child based upon the child's effort to view the defendant through her parent's car window and the child's grasp of her mother's shoulder "`as if she wanted protection.'"
In amicus briefs filed with this Court, the Guardian Ad Litem Program for the Eleventh Judicial Circuit and the Family Law Section of The Florida Bar argue that any construction of "presence" which requires sensory awareness by the child is contrary to the legislative intent in enacting section 800.04(3). The amici contend that the purpose of section 800.04(3) is to prohibit adults from using children, either actively or passively, as stimulants for the adult's sexual activity. The amici's analysis focuses upon the intent and the act of the perpetrator, without regard to the child's awareness of the act. However, we find that the preamble to the act amending section800.04, clearly expresses a legislative focus upon preventing harm to the child. The preamble states that "the intent of the Legislature was and remains to prohibit lewd and lascivious actsupon children." Ch. 84-86, Laws of Fla. (emphasis added).
Accordingly, we answer the certified question in the affirmative and approve the decision of the district court.
It is so ordered. *Page 588 
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
[1] Webster's New Collegiate Dictionary also defines presence as:
 something present of a visible or concrete nature[;] . . . the bearing, carriage, or air of a person; . . . a quality of poise and effectiveness that enables a performer to achieve a close relationship with his audience[;] . . . something (as a spirit) felt or believed to be present.
Webster's New Collegiate Dictionary 930 (9th ed. 1990). This definition indicates that human presence also embraces the occurrence of a visual or sensory experience, as opposed to merely the "the part of space within one's immediate vicinity."
[2] The following definitions illustrate the legal usage of the word "presence":
 Presence of an officer. An offense is committed in "presence" or "view" of officer . . . when officer sees act constituting it . . . or when circumstances within his observation give probable cause for belief that defendant has committed offense, or when he hears disturbance created by offense. . . .
. . . .
 Presence of the court. A contempt is in the "presence of the court," if it is committed in the ocular view of the court, or where the court has direct knowledge of the contempt.
 Presence of the testator. Will is attested in presence of testator if witnesses are within range of any of testator's senses.
Black's Law Dictionary 1065 (5th ed. 1979).