835 So.2d 1258 (2003)
Deborah ROLLE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1906.
District Court of Appeal of Florida, Fourth District.
January 29, 2003.
Carey Haughwout, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Maria J. Patullo, Assistant *1259 Attorney General, West Palm Beach, for appellee.
STEVENSON and TAYLOR, JJ., concur.
KLEIN, J.
Appellant was convicted of second degree murder as a result of shooting and killing her former husband. We find no errors as to the conviction, but conclude that the trial court erred in using a domestic violence multiplier when imposing her sentence.
The multiplier was imposed under section 921.0024, Florida Statutes (1999), which provides for multiplying sentencing points by 1.5 if domestic violence is committed in the "presence" of a child who is a family household member. In this case it was undisputed that the shooting occurred in the mother's bedroom while the children were in another bedroom. The children came into the mother's bedroom right after the shooting.
The most comprehensive discussion of "presence" is found in State v. Werner, 609 So.2d 585, 586 (Fla.1992), in which the defendant had admitted to his wife that he had masturbated while he and his thirteen month old daughter were in the bathroom.
The issue in Werner was whether the state had to prove, in a trial for committing a lewd or lascivious act in the presence of a child, that the act was perceived by the child. Our supreme court concluded, after discussing a number of definitions of "presence," that the word "encompasses sensory awareness as well as physical proximity." The court observed that even if the term "presence" was ambiguous, it would have to be construed most favorably to the accused and held that the element of presence was not established.
We agree with appellant that, because the children were in a different room in the house when the victim was shot, this crime was not committed in the children's presence. Finding no other errors, we affirm the conviction, but remand for correction of the sentence.
STEVENSON and TAYLOR, JJ., concur.