Travon E. BOYD, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 35A02–0802–CR–119.

Court of Appeals of Indiana.

June 27, 2008.

Transfer Denied Sept. 12, 2008.

Jeremy K. Nix, Matheny Michael Hahn & Denman, Huntington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Travon Boyd appeals his conviction for domestic battery as a class D felony.[1] Boyd raises two issues, which we revise and restate as:

I.  Whether the domestic battery statute is unconstitutionally vague as applied in this case; and

II. Whether the evidence is sufficient to sustain his conviction for domestic battery as a class D felony.

We affirm.

The relevant facts follow. Tonya Reddin and Boyd had a four-year relationship,

---

1.  Ind.Code § 35–42–2–1.3(b)(2) (Supp.2006).

had lived together for two years, and had a fifteen-month-old baby, S.B. On July 12, 2007, Reddin picked Boyd up from work at around 9:00 p.m. Boyd and Reddin argued on the way home. When they arrived, Boyd and Reddin continued the argument and went into their bedroom, which they shared with S.B. Boyd "smacked" Reddin two times on the face while Reddin was on the bed. Transcript at 32. At this time, S.B. was sleeping in her bed, which was about six feet away from Boyd and Reddin's bed. While Reddin was still on the bed, Boyd put his arm around Reddin's face, and Reddin bit Boyd.

The State charged Boyd with domestic battery as a class D felony. After a bench trial, the trial court found Boyd guilty as charged. The trial court sentenced Boyd to 366 days in the Indiana Department of Correction.

## I.

■ The first issue is whether the domestic battery statute is unconstitutionally vague as applied in this case. The State argues that Boyd waived this issue because he failed to raise this issue by a motion to dismiss prior to trial. Indiana courts have applied the doctrine of waiver when an appellant challenges the constitutionality of a statute. *See Payne v. State,* 484 N.E.2d 16, 18 (Ind.1985) (noting Ind. Code § 35–34–1–6 and –4[2] and holding that "[g]enerally, the failure to file a proper motion to dismiss raising the Constitutional challenge waives the issue on appeal"); *Rhinehardt v. State,* 477 N.E.2d 89, 93 (Ind.1985) (holding that the appel-

lant waived the claim by not raising it prior to trial by a timely and proper motion to dismiss); *Reed v. State,* 720 N.E.2d 431, 433 (Ind.Ct.App.1999), *trans. denied.*

Nonetheless, in many of these cases, the court then addressed the constitutional challenge on the merits even though the argument was waived. *See Payne,* 484 N.E.2d at 18 ("Nevertheless, particularly in view of the fact that the State has not raised the waiver issue, we have decided to consider the merits of the contention in this case."); *Rhinehardt,* 477 N.E.2d at 93 ("Even assuming appellant had preserved this claim, it would not constitute reversible error."); *Reed,* 720 N.E.2d at 433. We also note that in *Morse v. State,* 593 N.E.2d 194, 197 (Ind.1992), *reh'g denied,* the Indiana Supreme Court addressed a pro se motion challenging the constitutionality of a statute even though the appellant was represented by counsel who had filed a brief, but had not challenged the constitutionality of the statute. The Court stated, "Although we do not entertain pro se pleadings when counsel is involved in a case, the constitutionality of a statute may be raised at any stage of the proceeding including raising the issue sua sponte by this Court." *Id.*

We recognize that Boyd did not file a proper motion to dismiss and that the State has argued that the doctrine of waiver precludes review of the issue. However, in line with the foregoing cases, we have chosen to address the merits of Boyd's claim. *See, e.g., Vaughn v. State,* 782 N.E.2d 417, 420 (Ind.Ct.App.2003) (addressing the defendant's arguments after

---

**2.** Ind.Code § 35–34–1–6(a) (2004) currently provides that "[a]n indictment or information is defective when ... the statute defining the offense charged is unconstitutional or otherwise invalid." Ind.Code § 35–34–1–4(a) (2004) currently provides that "[t]he court may, upon motion of the defendant, dismiss the indictment or information upon any of the

following grounds: (1) The indictment or information, or any count thereof, is defective under section 6 of this chapter." Ind.Code § 35–34–1–6(b) provides that "a motion under this section shall be made no later than ... twenty (20) days if the defendant is charged with a felony ... prior to the omnibus date."

recognizing that the defendant did not file a motion to dismiss and that the State argued that the doctrine of waiver precludes review), *trans. denied.*

■■■■ When the validity of a statute is challenged, the reviewing court begins with a presumption of constitutionality. *State v. Lombardo,* 738 N.E.2d 653, 655 (Ind.2000). The burden to rebut this presumption is upon the challenger, and all reasonable doubts must be resolved in favor of the statute's constitutionality. *Id.* A statute will not be found unconstitutionally vague if individuals of ordinary intelligence would comprehend it adequately to inform them of the proscribed conduct. *Id.* at 656. The statute need only inform the individual of the generally proscribed conduct; it need not list with exactitude each item of conduct prohibited. *State v. Downey,* 476 N.E.2d 121, 122 (Ind.1985). A statute is void for vagueness only if it is vague as applied to the precise circumstances of the instant case. *Glover v. State,* 760 N.E.2d 1120, 1123 (Ind.Ct.App. 2002), *trans. denied.*

■■■■ Resolution of this issue requires that we interpret Ind.Code § 35–42–2–1.3. The interpretation of a statute is a question of law reserved for the courts. *Scalpelli v. State,* 827 N.E.2d 1193, 1196 (Ind. Ct.App.2005), *trans. denied.* If a statute is unambiguous, i.e., susceptible to only one meaning, we must give the statute its clear and plain meaning. *Bolin v. Wingert,* 764 N.E.2d 201, 204 (Ind.2002). However, if a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to accomplish that intent. *Id.* We presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. *Id.* In ascertaining the legislature's intent, we assume that "the legislature did not enact a useless provision" such that "[w]here statutory provisions are in conflict, no part of a statute should be rendered meaningless but should be reconciled with the rest of the statute." *Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.,* 746 N.E.2d 941, 948 (Ind. 2001) (quoting *Robinson v. Wroblewski,* 704 N.E.2d 467, 474–475 (Ind.1998)). We must also "keep in mind the objects and purposes of the law as well as the effect and repercussions of such a construction." *Ind. State Teachers Ass'n v. Bd. of Sch. Comm'rs of City of Indianapolis,* 693 N.E.2d 972, 974 (Ind.Ct.App.1998).

The offense of domestic battery as a class D felony is governed by Ind.Code § 35–42–2–1.3, which provides:

A person who knowingly or intentionally touches an individual who:

(1) is or was a spouse of the other person;

(2) is or was living as if a spouse of the other person as provided in subsection (c); or

(3) has a child in common with the other person;

in a rude, insolent, or angry manner that results in bodily injury to the person described in subdivision (1), (2), or (3) commits domestic battery, a Class A misdemeanor.

The offense "is a Class D felony if the person who committed the offense ... committed the offense in the *physical presence* of a child less than sixteen (16) years of age, knowing that the child was *present* and might be able to see or hear the offense." Ind.Code § 35–42–2–1.3(b)(2) (emphasis added).

Boyd appears to argue that the words "presence" and "present" in the statute

require that the child "sense" the battery.[3] Appellant's Brief at 6–7. Ind.Code § 35–42–2–1.3(b)(2) provides that Boyd must have committed the offense in the *"physical presence"* of S.B. (Emphasis added). "Physical" is generally defined as "[o]f or relating to the body as distinguished from the mind or spirit." AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1325 (2006). Further, Ind.Code § 35–42–2–1.3(b)(2) provides that Boyd must have known "that the child was *present and might be able to see or hear the offense."* (Emphasis added). "Might" is generally defined as "[u]sed to indicate a possibility or probability that is weaker than *may."* AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE at 1113. Therefore, the statute does not require that the child see or hear the offense. Rather, the statute requires that the touching occur in the physical presence of S.B., that Boyd know that S.B. was present, and that S.B. might be able to see or hear the offense. If the words "presence" and "present" required that the child see or sense that a battery is taking place, then this interpretation would make the word "physical" in the phrase "physical presence" and the phrase "might be able to see or hear the offense" meaningless. Thus, we hold that Ind.Code § 35–42–2–1.3(b)(2) does not require that the child sense the battery. We conclude that individuals of ordinary intelligence would comprehend the statute adequately to inform them of the proscribed conduct and that the statute is not unconstitutionally vague.

## II.

The next issue is whether the evidence is sufficient to sustain Boyd's conviction for domestic battery as a class D felony. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State,* 867 N.E.2d 144, 146 (Ind.2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

As previously mentioned, the offense of domestic battery as a class D felony is governed by Ind.Code § 35–42–2–1.3, which provides:

A person who knowingly or intentionally touches an individual who:

(1) is or was a spouse of the other person;

(2) is or was living as if a spouse of the other person as provided in subsection (c); or

(3) has a child in common with the other person;

in a rude, insolent, or angry manner that results in bodily injury to the person described in subdivision (1), (2), or (3) commits domestic battery, a Class A misdemeanor.

The offense "is a Class D felony if the person who committed the offense ... committed the offense in the physical pres-

---

**3.** In support of his argument, Boyd points to *State v. Werner,* 609 So.2d 585 (Fla.1992). In *Werner,* the statute in question provided that any person who "[k]nowingly commits any lewd or lascivious act *in the presence of* any child under the age of 16 years without committing the crime of sexual battery is guilty of a felony of the second degree." *Id.* at 586. We do not find *Werner* instructive because the statutory language is different.

ence of a child less than sixteen (16) years of age, knowing that the child was present and might be able to see or hear the offense." Ind.Code § 35–42–2–1.3(b)(2). Thus, to convict Boyd of domestic battery as a class D felony, the State needed to prove that: (1) Boyd intentionally touched Reddin, who was living as if Boyd's spouse or had a child in common with Boyd, in a rude, insolent, or angry manner that resulted in bodily injury to Reddin; (2) the touching occurred in the physical presence of S.B.; and (3) Boyd knew that S.B. was present and might be able to see or hear the offense.

Boyd argues that the State failed to prove that Boyd knew S.B. might be able to see or hear the offense. Specifically, Boyd argues that "the definition of 'presence' must require that the child be more than in the physical proximity of the proscribed conduct. The child must sense, either by sight or sound, that a battery has occurred." Appellant's Brief at 9. We have already concluded that the child need not sense the battery under Ind.Code § 35–42–2–1.3(b)(2).

Boyd also argues that S.B. was not a child who might be able to see or hear the offense because "[w]hen the battery occurred, [S.B.] was asleep and unable to see or hear the offense." Appellant's Brief at 10. The record reveals that Boyd "smacked" Reddin two times on the face while Reddin was on the bed and S.B. was sleeping in her bed that was about six feet away from Boyd and Reddin's bed. Transcript at 32. While Redden was still on the bed, Boyd put his arm around Reddin's face, and Reddin bit Boyd. Evidence of probative value exists from which the trial court could have found that S.B. might have been able to see or hear the offense and that Boyd was guilty of domestic battery as a class D felony. See, e.g., Davis v. State, 796 N.E.2d 798, 805–806 (Ind.Ct.

App.2003) (holding that the evidence was sufficient to support a conviction of domestic battery), *trans. denied.*

For the foregoing reasons, we affirm Boyd's conviction for battery as a class D felony.

Affirmed.

NAJAM, J., and DARDEN, J., concur.