**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 12 2012, 9:57 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY E. KIMMELL**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ALJEROME HILL,⁣ )
⁣ )
    Appellant-Defendant, )
⁣ )
       vs. )    No. 71A04-1203-CR-147
⁣ )
STATE OF INDIANA, )
⁣ )
    Appellee-Plaintiff. )

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jerome J. Frese, Judge
Cause No. 71D03-1109-FD-822

**September 12, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellant-Defendant, Aljerome Hill (Hill), appeals his conviction for domestic battery, a Class D felony, Ind. Code § 35-42-2-1.3.

We affirm.

ISSUE

Hill raises one issue on appeal, which we restate as follows: Whether the State produced sufficient evidence to prove beyond a reasonable doubt that he committed domestic battery as a Class D felony.

FACTS AND PROCEDURAL HISTORY

Hill and his girlfriend, Tasha King (King), are the parents of T.H., born October 13, 2008. King also is the mother of two other children, seven-year old K.K. and five-year old M.M. On the night of August 12, 2011, Hill, King, and King's three children drove to the residence of King's friend, Kimberly Lolmaugh (Lolmaugh). At the time, Lolmaugh's two children, Lolmaugh's sister, King's niece, and others were also at the residence.

When they arrived, King and her three children exited the car, but Hill remained in the vehicle. After twenty minutes, King offered to drive Hill home and he accepted her offer. Lolmaugh went with King to drive Hill home and King's children stayed at Lolmaugh's residence. In the car, King and Hill got into an argument and King called the police and told them to come to Hill's house. However, King and Lolmaugh dropped Hill off and left to return to Lolmaugh's residence before the police arrived.

On their way back, King and Lolmaugh stopped to pick up one of King's male friends. When they returned to Lolmaugh's residence, the three people stayed on the porch talking and drinking. Shortly after their arrival, though, Hill also returned and immediately started to hit King. At the time, the children were standing in the doorway and could see and hear Hill's actions. King tried to get away from Hill by going into the house, yet Hill continued to hit her. One of the adults tried to take the children into one of the bedrooms, but they were crying for King, their Mother.

After beating King, Hill left Lolmaugh's residence and the police were called. As a result of the beating, King's face and eye swelled up and were bruised. She also suffered a busted lip and a chipped tooth and was in pain.

On September 6, 2011, the State charged Hill with domestic battery, a Class D felony, I.C. § 35-42-2-1.3. On February 3, 2012, the State filed an Amended Information adding the names of the children who had witnessed the battery. On February 6, 2012, a jury trial was held. At the conclusion of the evidence, the jury found Hill guilty as charged. On March 8, 2012, the trial court held a sentencing hearing and sentenced Hill to two years of incarceration.

Hill now appeals. Additional facts will be provided as necessary.

<u>DISCUSSION AND DECISION</u>

Hill argues that the State failed to provide sufficient evidence to prove beyond a reasonable doubt that he committed domestic battery as a Class D felony. When reviewing a sufficiency of the evidence claim, we will only reverse a conviction when we

3

find that reasonable persons would not be able to form inferences as to each material element of the offense. *Perez v. State,* 872 N.E.2d 208, 212-213 (Ind. Ct. App. 2007), *trans. denied.* We do not reweigh evidence or judge the credibility of witnesses. *Id.* at 213. In addition, we only consider the evidence most favorable to the verdict and the reasonable inferences stemming from that evidence. *Id.*

Pursuant to I.C. § 35-42-2-1.3, a person commits a domestic battery if that person "knowingly or intentionally touches an individual who: . . . has a child in common with the other person; in a rude, insolent or angry manner that results in bodily injury to the person described . . . ." The offense is a Class D felony if it is committed in the physical presence of a child less than sixteen years of age, "knowing that the child [is] present and might be able to see or hear the offense." I.C. § 35-42-2-1.3(b)(2). The State is not required to prove that a child actually did see or hear the offense, but rather that the child was physically present and could have seen or heard the offense. *Boyd v. State,* 889 N.E.2d 321, 325 (Ind. Ct. App. 2008), *trans. denied.*

Based on inconsistent trial testimony, Hill now argues that the State did not produce sufficient evidence that he was in the presence of children when he committed the offense. At trial, King testified that she remembered the children being inside at the time of the offense and did not believe that they could see or hear what was occurring outside. In contrast, Lolmaugh was certain that the children were standing in the doorway and could see and hear the offense. Lolmaugh's sister, however, remembered the children riding their bicycles up and down the sidewalk in the dark at the time of the

4

offense. In light of these contradictory testimonies, Hill asks us to find that the children were not in his presence and that he could not have known that they might see or hear the offense.

We interpret Hill's request as an invitation to reweigh the evidence on appeal, which we may not do. *Anglemyer v. State,* 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). Instead, we find that there was sufficient evidence that children were present and that Hill knew they were present. When Hill left Lolmaugh's residence, he knew that several children remained there, including his child with King and King's two children. In addition, Lolmaugh testified that when Hill began to beat King, the children were in the doorway of the house and began crying and yelling for King. The "reasonable inference" stemming from this evidence is that the children were in Hill's presence and that Hill was or should have been aware of their presence. *See Perez,* 872 N.E.2d at 213 (we may only consider the reasonable inferences stemming from the evidence). Accordingly, we conclude that the State produced sufficient evidence to prove that he committed domestic battery as a Class D felony.

## CONCLUSION

Based on the foregoing, we conclude that the State produced sufficient evidence to prove beyond a reasonable doubt that Hill committed domestic battery as a Class D felony.

Affirmed.

BAILEY, J. and CRONE, J. concur

5