**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Dec 18 2014, 10:12 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LANDON HARBERT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  79A05-1312-CR-634 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Les A. Meade, Judge
Cause No. 79D05-1301-FD-2

**December 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Landon Harbert ("Harbert") appeals his conviction, after a jury trial, for Class D felony domestic battery.[1] On appeal, Harbert claims that the State failed to prove that the battery occurred in the presence of children under the age of sixteen. Concluding that the altercation occurred at a place where children were present and might have seen or heard it, we affirm Harbert's conviction.

We affirm.

## ISSUE

Whether sufficient evidence supports Harbert's conviction.

## FACTS

On December 30, 2012, Officer Adam Ferguson ("Officer Ferguson") of the West Lafayette Police Department responded to a domestic disturbance in progress. When he arrived, he saw Kristin Harbert ("Kristin") on the ground with Harbert, her husband, standing over her and screaming at her. Megan Simpson ("Simpson") was also standing a short distance away. All three people were located near the front door of the house.

As Officer Ferguson approached, he ordered Harbert to stop. Harbert stopped yelling and went inside the house. With Simpson's help, Kristin stood up. However, Kristin did not want to tell Officer Ferguson anything about the incident. He observed that Kristin was "very red," crying, covered in snow, and appeared to be afraid. (Tr. 56). Simpson would later tell an officer that Harbert had hit Kristin.

---

[1] IND. CODE § 35-42-2-1.3(b)(2) (2012). We note that, effective July 1, 2014, a new version of this domestic battery statute was enacted and that Class D felony domestic battery is now a Level 6 felony. Because Harbert committed this offense in 2012, we will apply the statute in effect at that time.

Officer Ferguson went to the door, knocked loudly, and asked for Harbert to come out and talk to him. The officer heard movement in the house, but Harbert did not come to the door. In the meantime, Officer Jeffrey Dunscomb ("Officer Dunscomb") arrived at the residence and waited with Kristin and Simpson while Officer Ferguson attempted to make contact with Harbert. Officer Dunscomb spoke with Kristin and observed that "she was shaking, [and was] visibly very, very upset." (Tr. 78). He also observed that Kristin had a bloody upper lip, a fat lower lip, a mark under her right eye, and swelling on the left side of her forehead. Officer Dunscomb learned that children were in the house, and the officers began to focus on getting them out safely. The children ranged in age from seven to eighteen. A SWAT team eventually went into the home and got the children out safely. Afterward, the officers again attempted to contact Harbert but received no response. Officers eventually went inside, located Harbert in a locked bedroom, and took him into custody.

On January 2, 2013, the State charged Harbert with domestic battery, a Class D felony, alleging that the battery occurred in the presence of a child less than sixteen years of age; domestic battery, a Class A misdemeanor; interference with reporting of a crime, a Class A misdemeanor; and criminal mischief, a class A misdemeanor.

On October 22, 2013, a jury trial was conducted, and the jury found Harbert guilty of felony and misdemeanor domestic battery and criminal mischief. At sentencing, the trial court merged the domestic battery convictions and sentenced Harbert to two and one half (2 ½) years executed on the domestic battery conviction and one (1) year on the criminal mischief conviction. The trial court ordered the convictions to be served

3

concurrently in the Department of Correction. Harbert now appeals his conviction for felony domestic battery. We will provide additional facts as necessary.

DECISION

Harbert argues that insufficient evidence supports his conviction for felony domestic battery. Harbert does not dispute that he hit Kristin; he only argues that the State did not present sufficient evidence proving that the battery occurred in the presence of a child sixteen (16) years of age or younger.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted).

To convict Harbert of Class D felony domestic battery, the State had to prove that he knowingly or intentionally battered and injured Kristin "in the physical presence of a child less than sixteen (16) years of age, knowing that the child was present and might be able to see or hear the offense." I.C. § 35-42-2-1.3(b)(2). It is well established under INDIANA CODE § 35-42-2-1.3(b)(2) that "none of the children had to actually sense the battery; there only needed be the possibility that they 'might' see or hear it." *True v.*

4

*State*, 954 N.E.2d 1105, 1111 (Ind. Ct. App. 2011) (citing *Boyd v. State*, 889 N.E.2d 321, 325 (Ind. Ct. App. 2008), *trans. denied*).

Here, Harbert argues that insufficient evidence supports his conviction because the battery took place outside of the house while the children were inside. He further relies on Kristin's testimony that the house was long and that the children were inside asleep to support his claim that the children did not see or hear the altercation. However, as we noted in *True*, the children here did not have to sense the battery. *Id.* The possibility that they might have seen or heard it is sufficient. *Id.* Officer Ferguson testified that he observed Harbert yelling at Kristin while standing over her. Further, the altercation occurred close to the front door of the house. It was not unreasonable for the jury to conclude that it was possible that the children might have heard or seen the altercation. Accordingly, sufficient evidence supports the jury's verdict, and we affirm Harbert's conviction for Class D felony domestic battery.

We affirm.

NAJAM, J., and BAILEY, J., concur.