## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 24 2020, 10:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
– Appellate Division

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tommy L. Sanders, *Appellant-Defendant,* | June 24, 2020 |
| | Court of Appeals Case No. 20A-CR-22 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Angela Dow Davis, Judge |
| | The Honorable Matthew M. Kubacki, Judge Pro Tempore |
| | Trial Court Cause No. 49G16-1907-F6-29949 |

**Mathias, Judge.**

[1] Tommy Sanders ("Sanders") was convicted in Marion Superior Court of Level 6 felony domestic battery. Sanders challenges the sufficiency of the evidence, arguing that the State failed to prove that the offense occurred in the presence of a child less than sixteen years of age. Sanders also argues that his 730-day sentence, with 722 days suspended and 365 days on probation, is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] In July 2019, Sanders and his girlfriend, Heather Vonburg ("Vonburg"), lived with Vonburg's brother, Storm Mulroney ("Mulroney"), and her sister-in-law, Rayschell Capps ("Capps"). Vonburg's four-year-old daughter and Capps's four-year-old son lived at the residence as well. The residents of the home, including the children, generally slept in the front room of the house.

[4] On the evening of July 26, 2019, Vonburg's daughter and Capps and her son were trying to sleep in the front room when Sanders and Vonburg began arguing in the same room. During the argument, Vonburg tried to stand up from the couch where she was seated, and Sanders pushed her down. He then grabbed Vonburg by the throat and held her against a wall. Tr. pp. 7–8.

[5] Shortly thereafter, Sanders and Vonburg resumed arguing in the kitchen. During their argument, Mulroney arrived home and observed the couple in the kitchen screaming at each other. Mulroney told Sanders he needed to leave the residence. Sanders then pushed a table at Vonburg, and the table struck her.

Mulroney called the police. The responding officer who spoke to Vonburg observed redness around her neck. Tr. p. 40.

[6] On July 31, 2019, the State charged Sanders with Level 6 felony domestic battery. The charging information alleged that Sanders knowingly touched Vonburg "in a rude, insolent, or angry manner by grabbing her" and that the offense was committed "in the presence of a child less than 16 years of age." Appellant's App. p. 15. The State also alleged that Sanders knew the child was present and "might be able to see or hear the offense." *Id.*

[7] Sanders's bench trial commenced on November 7, 2019. Vonburg did not testify at trial. At Sanders's request, the trial court continued the trial so that he could secure the testimony of his defense witnesses. The bench trial concluded on December 5, 2019.

[8] The trial court found Sanders guilty as charged. Sanders waived his right to a presentence investigation report, and the trial court proceeded to hold the sentencing hearing. The court considered the physical nature of the offense as an aggravating circumstance. Twenty-nine-year-old Sanders was employed full time and had no prior criminal history. The court considered his lack of criminal history and that the offense was unlikely to reoccur as mitigating circumstances. The court found that the mitigating circumstances outweighed the aggravating circumstance. The trial court ordered Sanders to serve 730 days, gave him credit for four days he served in jail awaiting trial and four days of good-time credit, and suspended the remainder of the sentence. The court

ordered Sanders to serve 365 days on probation and to participate in the Batterer's Intervention Program. The court indicated that if Sanders completed the program within 180 days, he could file a petition to terminate his probation. If Sanders enrolled in the program but was unable to complete it within 180 days, he could petition for non-reporting probation. Sanders now appeals.

## I. Sufficient Evidence

[9] Upon review of a challenge to the sufficiency of the evidence to support a criminal conviction, we respect the fact-finder's exclusive province to weigh conflicting evidence. *Miller v. State*, 106 N.E.3d 1067, 1073 (Ind. Ct. App. 2018) (citing *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)), *trans. denied*. We therefore neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* Instead, we consider only the probative evidence and reasonable inferences supporting the judgment. *Id.*

[10] To prove that Sanders committed Level 6 felony domestic battery, the State was required to prove that he knowing touched Vonburg in a rude, insolent, or angry manner in the presence of a child less than sixteen years of age knowing that the child was present and might be able to see or hear the offense. Ind. Code § 35-42-2-1.3(a)(1), (b)(2); Appellant's App. p. 15. Sanders concedes that the evidence is sufficient to prove that he touched Vonburg in a rude, insolent, or angry manner. Appellant's Br. at 8.

[11] However, he argues that the State failed to prove that Sanders committed the offense in the presence of a child less than sixteen years of age, knowing that

the child was present and might be able to see or hear the offense. This charged element elevated the offense from a Class A misdemeanor to a Level 6 felony. I.C. § 35-42-2-1.3(a)(1), (b)(2).

[12] The State was not required to prove that the child actually saw or heard the battery, but only "the possibility" that the child "might" see or hear it. *True v. State*, 954 N.E.2d 1105, 1111 (Ind. Ct. App. 2011) (citing *Boyd v. State*, 889 N.E.2d 321, 325 (Ind. Ct. App. 2008), *trans. denied*); *see also Manuel v. State*, 971 N.E.2d 1262, 1270 (Ind. Ct. App. 2012) (explaining that "the critical question in determining whether a child is 'present' for purposes of the [domestic battery] statute is whether a reasonable person would conclude that the child might see or hear the offense; not whether the child is in the same room as where the offense is taking place.").

[13] Sanders battered Vonburg in the front room of the house where Capps, her four-year-old son, and Vonburg's four-year-old daughter were trying to sleep. After reviewing Capps's and Mulroney's testimonies, we can reasonably infer Sanders would have known that the children were present. The State was not required to prove that either four-year-old child actually saw or heard Sanders batter Vonburg, but only that it was possible that the children might see or hear the battery. Because the children were present in the same room where the battery occurred, the State presented sufficient evidence from which a reasonable fact finder could conclude that Sanders committed battery in the presence of a child less than sixteen years of age. For this reason, we affirm Sanders's Level 6 felony domestic battery conviction.

## II. Inappropriate Sentence

Pursuant to Indiana Appellate Rule 7(B), "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We must exercise deference to a trial court's sentencing decision because Rule 7(B) requires us to give due consideration to that decision, and we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Rose v. State*, 36 N.E.3d 1055, 1063 (Ind. Ct. App. 2015). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). The appropriate question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Rose*, 36 N.E.3d at 1063.

Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of

the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. Our review under Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* And it is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[17] Indiana Code section 35-50-2-7 provides that a person who commits a Level 6 felony "shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 1/2) years, with the advisory sentence being one (1) year." Sanders was sentenced to 730 days, the equivalent of two years. He was given credit for time served, which totaled eight days with good time credit. The trial court suspended the remaining 722 days of the sentence and ordered Sanders to serve 365 days on probation. The trial court also indicated it would terminate Sanders's probation if he completed the Batterer's Intervention Program within 180 days. If Sanders is unable to do so within that time frame, but is enrolled in the program, the trial court stated it would modify his probation to non-reporting.

[18]     Although Sanders's sentence exceeds the advisory sentence for his offense, he received a significant benefit from his alternative placement.[1] To determine whether Sanders's sentence is inappropriate, we consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence is ordered suspended "or otherwise crafted using any of the variety of sentencing tools available to the trial judge." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[19]     Sanders argues that "[t]here does not appear to be any facts which would support the sentence beyond the advisory sentence." Appellant's Br. at 11. And Sanders claims his sentence is inappropriate because he is gainfully employed and has no criminal history.

[20]     But Sanders committed a violent battery against Vonburg. During an argument, as Vonburg tried to stand up, Sanders pushed her back down on the couch. He then grabbed Vonburg by the throat and held her against a wall. When the argument continued, Sanders pushed a table at Vonburg and struck her with it. Vonburg still had red marks on her throat when the officers arrived to investigate, approximately one hour after the battery.

[21]     The trial court fashioned a sentenced aimed at rehabilitating Sanders. If Sanders complies with the conditions imposed by the trial court, his sentence will be

---

[1] We also observe that "for purposes of Rule 7(B) review, a maximum sentence is not just a sentence of maximum length, but a fully executed sentence of maximum length." *See Jenkins v. State*, 909 N.E.2d 1080, 1085–86 (Ind. Ct. App. 2009), *trans. denied*.

modified to 180 days, the minimum sentence for a Level 6 felony. For all of these reasons, we conclude that Sanders's sentence is not inappropriate in light of the nature of the offense and the character of the offender.

## Conclusion

[22] The State presented sufficient evidence to prove that Sanders committed Level 6 felony domestic battery. And Sanders's 730-day sentence with 722 days suspended and 365 days on probation is not inappropriate in light of the nature of the offense and the character of the offender.

[23] Affirmed.

Riley, J., and Tavitas, J., concur.